1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHANIEL W.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C21-1416-BAT

**ORDER REVERSING THE
COMMISSIONER'S DECISION**

   Plaintiff appeals the ALJ's decision partially denying his disability applications. The ALJ

conducted a hearing in October 2020, and subsequently issued a decision finding Plaintiff was

disabled starting on August 9, 2020, but not before that date. Tr. 16-30. Plaintiff contends the

ALJ found he was not disabled before August 2020 based upon the ALJ's erroneous

determination to discount the opinion of examining psychologist David Widlan, Ph.D. Dkt. 10.

Plaintiff requests the Court remand the case for further proceedings. As the Court agrees the ALJ

harmfully erred, and the case should be remanded for futher proceedings, the Court need not

consider and Plaintiff need not file the optional repy brief.

**DISCUSSION**

   After examining Plaintiff in August 2018, Dr. Widlan opined Plaintiff has multiple

disabling limitations. Tr. 310-13. The ALJ rejected the doctor's opinions on several grounds. The

ALJ found Dr. Widlan's exam shows minor memory deficits, intact concentration, cooperative behavior, normal speech, appearance, thought process, perception and full orientation and intact judgment. *Id.* The ALJ found these exam findings are mainly within normal limits and the doctor did not explain how his observations correlated with his opinions. *Id.* The ALJ may discount a doctor's opinion as inconsistent with the doctor's own findings. However, there is no inconsistency here. The two significant impairing observations Dr. Widlan made are tied to Plaintiff's depression which causes severe lack of energy, irritability and dysphoria and Plaintiff's anxiety which causes marked vigilance, startle, nightmares, and intrusive thought. Tr. 311. These symptoms, even assuming they are solely self-reported statements of Plaintiff, are consistent with the standardized testing Dr. Widlan perform which yielded depression and anxiety scores in the "severe range." The "normal" exam findings the AL noted may indicate Plaintiff does not have severe or marked cognitive limits, but the exam findings do not account for or contradict other limitations caused by depression and anxiety. Tr. 313.

The ALJ also rejected Dr. Widlan's opinions finding the doctor failed to "explain" his observations. The finding sidesteps the observations underlying Dr. Widlan's opinion:  that Plaintiff has severe depression and marked anxiety symptoms. Hence the ALJ erred in overlooking the basis of Dr. Widlan's opinion and failing to provide a sufficient reason to reject that opinion. The Court acknowledges disability records and opinions can often be less than clear. But when a medical opinion about a claimant's functional limits is unclear or ambiguous, the ALJ should develop and clarify rather than simply reject the opinion as lacking for insufficient explanation.

The ALJ also rejected Dr. Widlan's opinion on the grounds the doctor he did not review any medical records. That Dr. Widlan did not review any medical records is not, alone, grounds

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

to reject his opinion. That failure would matter only if a medical record contradicted or would have affected the doctor's opinion. The ALJ's reliance on this grounds is an insufficient conclusory statement.

And lastly the ALJ rejected Dr. Widlan's opinion as inconsistent with the longitudinal record. Tr. 25. In support, the ALJ cited to mental status exam MSE findings at Tr. 400-01, 427-28, 436, 449, 467, 486-87, 512, 525, 547-48, 784-86 (anger at 784) , 884, 895, 902, 1031, and 1047. The MSE findings of record and Dr. Widlan's MSE findings are similar. But Dr. Widlan did not state or imply Plaintiff is disabled based upon his MSE findings. Rather as discussed above, Dr. Widlan's opinions are based upon the severity of Plaintiff's depression and anxiety which cause symptoms that are not necessarily addressed in a MSE result.

Plaintiff also argues the ALJ erred in finding State agency opinions persuasive. Dkt. 10 at 7-8. The ALJ did not cite a State agency opinion to discount Dr. Widlan's opinion. The Court need not resolve the ALJ's treatment of the agency opinions now because the case must be remanded and the ALJ should reassess the agency opinions in light of reassessing Dr. Widlan's opinion and any record development deemed needed.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). The ALJ has already found Plaintiff disabled as of August 9, 2020 and that finding is not before the Court and the Court will thus not disturb it.

On remand, the ALJ shall address the contested time period between October 2017 and August 2020, and shall reassess Dr. Widlan's opinion, develop the record, and reweigh other

opinions and evidence as needed, redetermine residual functional capacity as appropriate and proceed to the remaining steps of the disability evaluation process.

DATED this 27th day of May, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S DECISION - 4